### In re FORFEITURE OF a 1985 CHEVROLET CORVETTE.

[Cite as *In re Forfeiture of a 1985 Chevrolet Corvette* (1989), 65 Ohio App.3d 164.]

Court of Appeals of Ohio,
Lucas County.

No. L–88–038.

Decided Oct. 27, 1989.

---

**1.**  It is clear from the record that the C–112 was signed and executed in the state of Ohio.

*John F. Potts*, for appellant Victor Hardison.

HANDWORK, Presiding Judge.

This matter is before the court on the motion of appellant, Victor Hardison, requesting that this court assess as costs in this appeal the filing fee and transcript costs.

On January 27, 1989, we rendered a decision in this case reversing the trial court's judgment and assessing costs against appellee, state of Ohio. Appellant asserts that these costs, which were advanced by him, have not been assessed against appellee and that appellant has not been reimbursed.

Since we have already assessed court costs against appellee, no further order of this court is necessary.

With regard to appellant's request to have the costs of preparing the transcript assessed as a cost, App.R. 24 requires the court of appeals to assess costs upon final disposition of the case. It does not, however, delineate what expenses constitute such costs. We interpret the word "cost" to encompass only court costs and not the costs of preparing the transcript for two reasons. First, R.C. 2505.08, which provided that the cost of preparing a transcript would be borne by the losing party, was repealed as of March 17, 1987, and now provides that the cost of a transcript constitutes a "cost" of the appeal only with regard to administrative appeals. Therefore, the legislature clearly intended to limit the meaning of "cost" to court costs. Second, it is generally accepted under Ohio law that the expenses of litigation shall be paid by the party incurring them. See *Gustafson v. Cotco Ent., Inc.* (1974), 42 Ohio App.2d 45, 52, 71 O.O.2d 264, 269, 328 N.E.2d 409, 414.

Therefore, we find appellant's motion not well taken, and it is hereby denied.

*Motion denied.*

CONNORS and ABOOD, JJ., concur.